IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3124 |
| vs. | TENTATIVE FINDINGS |
| MANUEL SANCHEZ, | |
| Defendant. | |

The Court has received the presentence investigation report in this case. There are objections to the presentence investigation report. Filing 66. There are no motions for departure or variance.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions to be resolved at sentencing. The defendant has objected to paragraphs 11, 19, 22 and 23 of the presentence investigation report, which attribute responsibility for 10 pounds (4,536 grams) of methamphetamine mixture to the defendant based on his statement to the government's confidential informant that he would be going to Arizona to pick up 10 pounds of methamphetamine. Filing 66 at 1. The defendant contends that there is no evidence that he "actually picked up 10 pounds of methamphetamine, went to Arizona or that the methamphetamine even existed." Filing 66 at 1. The defendant also objects to paragraph 26, and the two-level enhancement for obstruction of justice based on his trial testimony in his own defense. Filing 66 at 2.

If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government

must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). In particular, the government bears the burden to prove drug quantity by a preponderance of the evidence. *United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012). And to apply the two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1, the Court must find by a preponderance of the evidence that the defendant engaged in obstructive conduct. *United States v. Gomez-Diaz*, 911 F.3d 931, 936 (8th Cir. 2018).

Perjury may qualify as obstructive conduct, but the Court "cannot impose the enhancement simply because a defendant testifies on his own behalf and the jury disbelieves him." *Id*. (quotation omitted). Instead, the Court must conduct an independent evaluation and determine whether the defendant committed perjury, preferably addressing each element of perjury in a separate and clear finding—or, at least, making a finding of an obstruction of justice that encompasses all of the factual predicates for a finding of perjury. *Id*.; *see United States v. Dunnigan*, 507 U.S. 87, 95 (1993); *United States v. Reid*, 827 F.3d 797, 801-02 (8th Cir. 2016).

Accordingly, the defendant's objections will be resolved at sentencing, based upon the evidence presented at trial and any additional evidence presented at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of May, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge